Nass,
 
 C. J.
 

 The bill is to execute a decree heretofore made in the Court of Equity for Duplin County. The defendants file a general demurrer, and the cause is transferred by consent to this Court for argument.
 

 The facts of the case as admitted by the demurrer are as follows: The plaintiff was appointed executor of the will’ of James Wright, deceased, and trustee for his children. The testator'died in the year-, and the plaintiff was duly qualified as his executor: the will disposed of both real and personal property among testator’s children, one of whom was John Beck Wright. A bill was filed by the present defendants, Daniel Bowden and Loftin, as purchasers of the equitable interest of John B. Wright, in certain slaves, bequeathed to the complainant, in trust for him, and by the other legatees and devisees under the will of James Wright, praying for a .determination of the trust and due delivery of the'property. John Beck Wright beame lunatic, pending the bill, and, by his committee, Robert T. Murphy was, by a supplemental bill, made a party: At a sub
 
 *16
 
 sequent term of -the Court, by an interlocutory order, commissioners were appointed to divide the lands .and slaves among the claimants, and “it is further ordered and decided by the Court, that .the part or portion of the real estate allotted to John B. Wright be allotted and set apart, subject .to a claim which Is.aa.c Wright, trustee, has against the said John B. Wright, for $231, with interest, &e., the said lien having .accrued to said Isaac Wright, he having purchased .a claim set up to John B- Wright’s interest in said lands, to prevent litigation and the title from being ¡clouded. The report of the commissioners was duly made and returned to the Spring Term, 1851, of Puplin .Court of Equity, where the following .decree was made: “ The cause coming on to be heard .on the bill, &c.,. it is ordered, by the Court, that the report, as returned, be confirmed in all things, and it is ordered, and adjudged, and decreed, that lot No.. 1 b,e .assigned to Robert T. Murphy, for the use of John B. Wright, a lunatic, Robert T- Murphy being his guardian or committee., and it is considered by the Court, and it is hereby decreed, that lot Nq, 1, described by the .commissioners in the report to this term, be and remain liar ble for -the sum o.f $231, with interest from 19th Eebuary, 1849, due to Isaac Wright, ,as appears in the interlocutory order of the last term of this Court.. The said lot No. 1 t.o he and continue responsible for the ..above-mentioned sum, until the same is paid.” By the .saíne decree, Isaac Wright was discharged from his .trust, .-Subsequently thereto, John Wright was., by an inquisition
 
 de inquirendo lunático.,
 
 found to he of -.sound rnind., and he .sold the ..defendants, Bowden and Loftin., lot No,. 1,
 

 The decree.above set forth is still in force., and never has been performed- No part of the money .decreed to Isaac Wright has been paid to him. This bill is to execute it.
 

 In a bill to execute a decree, the principle of that decree .as its basis,.and it s,e.eks merely to carry it into effect. Such
 
 *17
 
 a bill may be filed where an omission has been made in consequence of all the facts not appearing on the record.— Hodson t. Ball, 1 Ph. 181. Or where, owing to the neglect of parties to proceed under it, their "rights have become embarrassed by subsequent events, and a new decree is necessary to ascertain them. Mitford, 95. The plain7 tiff, in such a bill, cannot impeach the decree. If it goes beyond the execution of it, it is a bill to impeach. The defendant, however, is under no such restriction, and may show that it ought not to be •executed. If, however, it can be enforced under the ordinary process, it will be assumed to be correct. But the Court can, in respect of the special .application, examine the decree, and, if it be unjust, refuse its aid. Mitford, 97; 2 Dan. C. P. 1407; Hamilton v. Haughton, 2 Bligh, 169. As before remarked, the decree .sought to be executed by these proceedings, is still in force.. We have examined it, and see in it nothing unjust or un-equitable.. The .plaintiff, as .trustee of John B. Wright, advanced the sum decreed him for and on account of his
 
 cestui que
 
 trust, to quiet his title to .the land in question, and there is certainly no injustice on his part in asking, or the Court in decreeing, the repayment
 
 of
 
 it. It was necessary for the plaintiff to ask the aid of the Court. £lew parties had be.come interested, namely, the defendants Bowden and Lof-tin, by virtue of their purchase from,John B. Wright, after .he had been duly declared not to be a lunatic. AH these Tacts,are admitted by the demurrer.
 

 Demurrer oyerrulej.